Slip Op. 14-97

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| THE TIMKEN COMPANY, | |
| Plaintiff, | |
| v. | Before: Jane A. Restani, Judge |
| UNITED STATES, | Consol. Court No. 13-00069 |
| Defendant, | |
| CHANGSHAN PEER BEARING CO., LTD. and PEER BEARING COMPANY, | |
| Defendant-Intervenors. | |

## OPINION

[Commerce's Final Results of Redetermination regarding currency conversion error in antidumping review sustained. Judgment entered.]

Dated: August 19, 2014

William A. Fennell, Terence P. Stewart, and Stephanie M. Bell, Stewart and Stewart, of Washington, DC, for plaintiff.

Tara K. Hogan, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director. Of counsel on the brief was Justin R. Becker, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Herbert C. Shelley and Christopher G. Falcone, Steptoe & Johnson LLP, of Washington, DC, for defendant-intervenors.

Restani, Judge: This matter is before the court following a remand to the Department of Commerce ("Commerce") in Timken Co. v. United States, Slip Op. 14-51, 2014 WL 1760033

Consol. Court No. 13-00069                                                                                            Page 2

(CIT May 2, 2014) ("Timken").  The court upheld Commerce's decision not to employ the alternative average-to-transaction ("A-T") methodology in determining defendant-intervenror Changshan Peer Bearing Co., Ltd.'s ("CPZ/SKF") dumping margin and granted the government's request for voluntary remand to address an alleged error in the calculation of CPZ/SKF's further manufacturing costs.  Id. at *3, 6–9.  Specifically, CPZ/SKF had alleged that its reported further manufacturing costs should have been treated as denominated in Thai baht and that Commerce should have applied the Thai-baht-to-U.S.-dollar exchange rate to those costs.  Id. at *2.  The court ordered that upon reconsideration, Commerce shall fix any currency conversion errors found to exist.  Id. at *3 & n.1.

On remand, Commerce determined that the correct currency for CPZ/SKF's further manufacturing costs is the Thai baht.  Final Results of Redetermination Pursuant to Court Order, ECF No. 61-1, at 5 ("Remand Results").  Accordingly, Commerce applied the Thai-baht-to-U.S.-dollar exchange rate to those costs.  Id.  Following the appropriate adjustment to those costs, Commerce recalculated CPZ/SKF's weighted-average dumping margin, which resulted in a zero margin.  Id. at 7.

Commerce has complied with the court's remand order in Timken to correct any currency error that it found on remand, and no party challenges Commerce's treatment of the currency conversion on remand.[1]

---

[1] Plaintiff The Timken Co., in order to preserve its rights on appeal, notes its continued objection to Commerce's conclusion that the pattern of CPZ/SKF's export prices that differed significantly among purchasers, regions, or time periods was not sufficient to require use of the A-T methodology in calculating CPZ/SKF's dumping margin.  Comments on Final Results of Redetermination Pursuant to Court Remand, ECF No. 64.  As Timken recognizes, the court
(continued...)

Consol. Court No. 13-00069                                                                                                 Page 3

For the foregoing reasons, the court finds that Commerce has complied with the court's order in <u>Timken</u>, and the <u>Remand Results</u> are SUSTAINED.  Judgment will issue accordingly.

                                                                        /s/ Jane A. Restani
                                                                        Jane A. Restani
                                                                        Judge

Dated: August 19, 2014
       New York, New York

---

[1](...continued) issued a definitive ruling on this matter in its prior opinion, and this was not within the scope of the remand order.  The court thus will not reconsider it at this junction.